(66 Misc. Rep. 621.)

SUSQUEHANNA WOOLEN CO. v. IMPERIAL COAL & COKE CO.

(City Court of New York, Trial Term. February, 1910.)

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 14.*]

Action by the Susquehanna Woolen Company against the Imperial Coal & Coke Company. On defendant's motion for new trial, after verdict directed for plaintiff. Motion denied.

Eugene H. Brock, for plaintiff.
William D. Farrington, for defendant.

FINELITE, J. The plaintiff and the defendant are foreign corporations. The plaintiff cashed at its office in New Cumberland, Pa., and became the bona fide holder of a check made by the defendant, dated New York City, April 27, 1909, and drawn on the Carnegie Trust Company, at 115 Broadway, Manhattan Borough, New York City, to the order of F. B. Sutton, in the sum of $600. Plaintiff duly presented said check for payment at the said Carnegie Trust Company at its office in the city of New York, which refused to pay the same, and it was protested. After proving these facts, plaintiff rested, and defendant moved to dismiss the complaint on the ground that the contract and entire transaction took place in the commonwealth of Pennsylvania, in or about the city of Cumberland, and that all transactions relative to this contract were had in the commonwealth of Pennsylvania; that the money which plaintiff gave for this check was also paid out in that commonwealth, and therefore this court has no jurisdiction. The motion was denied. Defendant rested, and the court directed a verdict for the plaintiff for $662.56. The defendant then made this motion for a new trial, which the court took under advisement.

The check was drawn on the Carnegie Trust Company in New York, and payable there. Upon failure to pay on presentation and demand at the place mentioned, the breach occurred, and the cause of action arose at that time and at that place, and, arising within the state of New York, gives the court jurisdiction of the action under section 1780 of the Code of Civil Procedure, without regard to the residence of the parties plaintiff and defendant. This section has been repeatedly held applicable to this court (see decision in Kline v. Imperial Coal & Coke Co., 122 N. Y. Supp. 211), enlarging section 315 in that respect.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Motion for new trial is denied, to which defendant may have an exception, with 10 days' stay of execution after notice of entry of judgment, with 30 days to make and serve a case.

